. For a minute I thought our clerks were leaving, but it's okay. Whenever you're ready, counsel. Good morning, and may it please the court, Daniel Dalton on behalf of the plaintiff Athey Creek, with me Mr. Ty Woodham from Dunn Kearney here in Portland, and also our senior pastor, Debbie Meador, and our executive team as well from the church. And it's Athey Creek. Athey Creek. Okay, I've been mispronouncing it. Thank you. In 2022, the church went to Clackamas County to secure a building permit to build the second half of its building. One half has been built, the other half is waiting to be built. At that point in time, while the county had previously allowed the church to build over time from the construction, the conditional use permit was approved in 2006, construction started in 2013, well past the two years. And even through 2022, there was additional construction that occurred at the church. The county allowed permits to move forward. Let me ask you this as to the initial construction, which is not challenged. Were all the permits for that construction obtained within the two years? No, Your Honor. Those permits were actually all the way through 2015 on that first half of the building. No, that's not the question he asked. The question he asked is when were the permits obtained? When were the permits issued? Were permits issued? There were permits for the entirety of the project? For phase one, when were those permits issued? Were they all issued within the initial two-year period? No, they weren't, Your Honor. Most of them were issued in 2013. In the record, there was a supplement that was provided that showed the listing of all the permits from the county. There's also permits locally and also from the state. Let me just make sure we're talking about the same things. Sure. The initial conditional use permit said you have to get permits for particular types of constructions, engineering permits, water, whatever.  The district court said they were all obtained within the two-year period specified in Condition 29, and therefore, the construction of phase one, if I can call it that, could go forward. Would the district court misstate the record in that respect? I believe so, Your Honor. During the argument... Because you don't challenge that on appeal. No, we don't, Your Honor. I mean, there's just so much we can argue. Well, but it seems to me what the district court's ruling was in part premised on the notion that with respect to phase one, because you got the permits within the two-year period, everything was fine, and that really the basement was part of phase one, so your permits covered the construction of that. If you're saying we actually obtained new permits later and within the, you know, before the two-year period expired, I'd like to know that, but I don't think there's anything in the record that shows that. There is, Your Honor. If you look at the record SCR 4, 5, 6, and 7, this is a supplemental report. It was called Parties Joint Submission Regarding Permits. It has an outline, a chart of all the permits that were provided. It's also the district court's docket 59. Right. But as I understand Condition 29, it required you to obtain permits within two years of the issuance of the conditional permit, use permit, correct? I believe Conditional... Yeah. I mean, you say they waived it and said other things, but at least on its face, it says this lasts for two years, correct? Condition 29, which is at ER 1... Yeah, and we'll have it. You don't have to tell us where it is. It says the approval is valid for two years from the date of a final written decision.  It doesn't say you have to secure and complete all your permits, finalize all your permits at that point in time. But you only had approval to go forward for two years, correct? The approval is valid for a period of two years. Okay. So as to that, your argument must be, to avoid a statute of limitations problem, that while it says that, you were led to believe something differently, correct? That is correct. And not just led, but we were encouraged... Okay. So I just want to make sure that that's... I want to get to those issues, but I just want to make sure I understand it. Because it seems to me that on its face, you knew back in 2006 when Condition 29 was issued, that it was only valid for two years, correct? We knew the conditional use permit was valid for two years. Only for two years. And you also knew, because the ordinance was in effect in those days, that conditional use permits weren't required for governmental recreational use. So to the extent you're complaining about those two things, you knew about them in 2006, correct? That is correct. So tell me why the statute of limitations doesn't run on claims about those. Because our actual injury didn't occur until 2022. From 2006 through 2022, permits were sought, were received, were acted upon, and were finalized by the church and through the county. We had sought from 2006, asking them, can we do this in phases? The answer was yes. In 2013, well past the time frame, we again petitioned the county in an email saying, can we do this in phases? And the answer was yes. If you remember the world back in 2006 and 2007 as well, that's when we had that huge financial meltdown, when you had companies like AIG and General Motors going for bankrupt. The world kind of just kind of stopped at that point. So we had to deal with that particular issue, with the financial issues, first, before we could start construction. Well, you were told in 2006 you could proceed in phases. Yes. But you weren't told in 2006 that the permit would extend past the two years, the conditional use permit provided in Condition 29. We were told, well, I disagree with that. Well, now you have the quote about exactly what you were told. Nobody said, and don't worry about Condition 29. You can proceed in phases. You might take two years to go in phases. You might come back later and get additional permission. But nobody said Condition 29 doesn't apply. Because we were getting permits at that time. Well, that's not what I'm asking. Did you have any place where anybody ever said, do you forget about Condition 29? Don't worry about it. Just go on as if it didn't exist. We don't have that because of the course of conduct of the county saying you can go ahead and get permits. And we'll issue permits so you can continue construction. Well, what permits did it issue? Sure. You see, the fact that it may issue a permit that allows something, and I have to look and see what they are, still doesn't mean that you've been forgiven the application of Condition 29, does it? I believe it does, Your Honor. So if we start going back to SCR 4. Yeah, I'm looking at that. You have the building permit for electrical. You have for the sprinkler system in 2015 a permit for that. You need to have that for occupancy permit. You have the fire water lines as well in 2015. What you're saying is that the fact that they issued these permits exempts you from the applicable zoning restriction. That is correct. And what case do you rely on for that? I believe, Your Honor, that's what we talk about through the Way case that we submitted our brief. It's a Ninth Circuit case where it was a period of five years where the county or the city of Santa Ana did the same thing to the Way, saying we're not going to enforce this particular provision. But they said we're not going to enforce this. That's why I asked the question. In that case, the city said don't worry about this provision in your conditional use permit or whatever the equivalent was in San Jose. You can go ahead. And here what I don't find is anybody saying don't worry about that condition. I believe, Your Honor, there is no you'll not find anything in the record that says Conditional 29. You don't have to worry about Condition 29. That is true. But what you will find in the record, Your Honor, are those e-mails from those individuals where the specific question was asked about, you know, we understand that there's a two-year period of time. Can we go ahead and do this and phase it? And we talk, and that's, again, starting in 2006, the answer from Clay Gascowood was phasing is fine. Well, but there's a previous sentence. He says I would suggest getting the whole thing approved from the get-go. Right. Phasing would be fine. I said it could very well be interpreted assuming that you've done that, that is to say getting the whole thing approved from the get-go and doing it with phases once that's happened is fine with me. That's correct because at that time in April of 2006, they were going through the conditional use process. But I don't read this thing when I read both sentences as saying phasing is fine and don't worry about exceeding the two years. I think, though, if you couple that with the e-mail from October 2013, where the specific question was asked in those e-mails starting on ER 185 about the permits even after two years of the decision, and that's from Dina Mulder to Cindy Inglis. This is an internal e-mail question. And the answer from Mike McAllister to the county said there are no additional land use review is required at that point in time. So they were waiving this two-year period. You never saw that until discovery, so you can't rely on that for a stoppable, can you? One more time. You didn't get that e-mail. We got the e-mail of Mike McAllister to Terry Boggs. Yeah. Part of your argument is that you didn't discover your cause of action until you got that e-mail, right? Our argument is we didn't discover the cause of action until we were denied in 2022. Okay. I understand that argument. But I'm, again, stuck with this problem. It seems to me that to the extent you wanted to complete Phase I and build out the basement and everything, you had obtained all the relevant permits during the first two years. You could have obtained the relevant permits to do the entire project during the first two years, even if you had decided not to go forward with Phase II. And the county's position seems to be that's what you should have done. Condition 29 required you to get all the relevant permits during those first two years. You could phase your construction over a long period of time. But to the extent you didn't get the relevant permits in those first two years, Condition 29 applies. So tell me why that position's wrong. That position's wrong because those permits applied to both sides of the church. So if you imagine we have one side that's being built. You have a center pathway where a sidewalk is right now. That was built. The other side hasn't been built yet. The permits that we received applied to both, to the entirety of the building. During the first two years? During the entirety from? During the first two years. During the first three years, yeah. So, for example, we had to put in traffic lights off the freeway, two sets of traffic lights. That applied to both sides. We had to put a 900-space parking lot. See, I don't, reviewing this case, I don't see that that argument was made to the district court. Now you're making an argument. I don't see it in your briefs. Now what you're saying is, oh, this is just a mistake of fact. We had obtained all the relevant permits to conduct Phase 2 during the first two years, and everybody has just got this wrong. Where do I find that argument in your briefs? Well, we have that argument in the statement of facts, but this goes to the point of the district court's, the problem with the district court's decision. But do you make that argument? Did you make that argument to the district court? The argument we made to the district court was a more substantive argument. Well, I understand. But now you're saying something new, and I'm trying to figure out, I'm hearing it for the first time, which is your contention is. Can we hear your answer? What's your answer? Yeah, herein lies the problem with that, is that in this particular case, what we had is the district court making a decision on an argument, so we're never even raised by the county before. The statute of limitations, where the county says the statute of limitations expired, the RLUIPA statute of limitations expired in 2008, or I'm sorry, in 2010. That was not an affirmative defense. They didn't raise it in a reply brief. We have the Ninth Circuit case law that we put in here. That issue that the district court kind of held on to in this case was never argued before. No, I understand your argument on that. You've briefed it, and we'll have to reach it.  I'm asking a very different question. I think what you're telling me today, and maybe I'm misinterpreting it, is that everybody's got this wrong. You've got all the relevant permits to complete all the phases within the first two years, and that even if the county's position is right that you had to do so, you did so. Is that your argument? And I don't find that argument in your briefs or being made to the district court. I don't think that's the argument you're making, but you're just about out of time, so could you please restate your position on this point? Sure. On this particular point, there was a number of permits that applied to both sides of the building, to both phase one and two, if you want to call them that. But some permits for the phase two part of the building. That's exactly right. Okay, so you've been calling our attention to the list of permits at SER 45, and these run from 2006 to 2015. Are these permits for the phase one? Permits for both phase one and phase two. Let me ask the question slightly differently, because now, as you can tell by my questions, I'm not sure I understand. I think we're a little lost now. Had by 2008, two years, when condition 29 would have kicked in, had you obtained all the permits necessary to construct phase two? No. Okay. Thank you. So you had to obtain some permits that might have applied to phase two, but you hadn't yet obtained all the permits that would have allowed you to proceed with phase two. Correct. And really, that's why we're here today. I have a slightly different argument, or a question. Sure. You answered that some of these permits on SER 456 apply to both phases. Is there any permit that you received that only applies to phase two? No. Again, and I believe that's why, in 2022, we went to the county to say, give us the permits just for this. That aligns the case with the briefing, I understand. Yeah. Here's something I don't understand as just a general proposition, or your approach to this, I'll say, problem rather than this case. Why don't you, or why didn't you, simply go back to the county and ask for a new permit rather than pursue this litigation? Sure. Well, Your Honor, there's a number of reasons why we did that. We didn't, going back to Permit 29 in 2006, we didn't go back to the county at that point in time to amend the conditions because we were getting permits. We were getting the permission to do this. No, I mean, in the very recent past, when it's clear that you've got some problems under the existing permit, you think the problems don't exist or that they can be overcome, when it's clear you have this problem, why didn't you just apply for a new permit? The legal landscape has changed. The permitting process is now clearly in compliance with our LUPA. It should have seemed to me that the easiest way to go forward is just, hey, here's a new permit application. Why not? Well, there's several reasons. One is that we don't have to, Your Honor. Well, I understand your argument is you don't have to. That's not my question. Sure. The second reason is we have a damages claim that's still out there as well. So the damages from 2020- Well, shouldn't you mitigate your damages by obtaining a new permit and moving forward? I mean, or do you want to keep your damages running forever while you litigate it? No. And here's the third part going to Fletcher's question. This Type 2 discretionary permit issue where they changed the ordinance to right now is nearly identical to the conditional use permit. It's not like we can go and get a building permit today. We can't walk into the office and say, hey, you changed your ordinance. We're now a permitted use. Give us a building permit. You still have to go through this discretionary process. But the county has said, apply. If you apply, A, they may approve it, or B, the county said, we may even waive it. And maybe you're all working for free, so it doesn't matter. But it does seem to me a lot more money has been spent on this litigation than if you just had applied, and it seems to me quite probable the county would approve your application. I think we're making a number of assumptions that through time we know that won't happen. So, for example, when Athey Creek first started as a church, it was in a middle school. The county refused the church to be in this middle school, charging and fining them up to $3,500 a day, claiming that this middle school was only approved for a school but not for a church. The church then went out and bought land. It went through in another area, went through a conditional use permit process. It was denied at that point in time. Then we go through this 2006 period, where this is just a long, hard process, expensive process, where it wasn't an automatic approval. So we have a history here with the county where it's not like they're going to – we know from working with the county it's not as simple as here's an application, you'll give us a permit, because we know through this history it's not like that. Can I ask one more question? Yes, because he's severely over time. Oh, I know. One more. You're over time, too. Easy question to answer.  It requires a four-number answer. All right. What year did you first learn that the county took the position that you had to get a new permit? 2022. Thank you. Excellent discipline. Thank you. Please take your seat, and we'll give you a minute to come back. Good morning. May it please the Court, Caleb Hugel for Clackamas County. I think the Court knows what's going on here. RLIPA was enacted to prohibit discrimination in zoning laws. Appellant doesn't just want to be treated equally here. It wants something no other land-use applicant gets. This record is frustrating to me because it seems like a miscommunication, maybe on both sides, and I kind of share Judge Fletcher's concern. In 2022, why wasn't there just a new application, and why are we here? It's not just money. It's not just damages. It's also that the church has been really delayed in building the second half of its, you know, Phase 2. And so it's really a shame. Can you enlighten me? I agree with Your Honor that it is a shame. What I can say is that in August of 2022, the county emailed counsel for appellant and explained the legal landscape and that a new permit was required for the reasons that we argue in our brief. Rather than apply for a new permit, this litigation was brought. I can't answer why appellant did not apply for a new permit. Could the county legally deny an application for a new permit? Yes, yes. Why? I mean, you approved the original permit, approved the entire project, if all the relevant other permits were obtained within the first two years. They weren't, but you were fine with the project back then, and their only problem from your perspective is that they didn't obtain all the relevant permits to complete the whole project within two years. So we're now 20 years later, and they've obtained them. Why don't you just let them finish the project? Because they, under the Clackamas County Zoning and Development Ordinance, they require land use approval to build the second phase of their church.  Why don't you just approve it? You know what the second phase is. There is. Pardon me, Your Honor. There has been no application. At this point, there is nothing for us to approve. I understand, but if you called up these guys tomorrow and said, we have all your plans because you submitted them back in 2002. If you now have all the relevant permits, God bless. Wrong thing to use when talking about a church. Go ahead and do it. I don't understand from your perspective why you're fighting this. I don't understand from their perspective why they haven't applied. So I'm asking Judge Fletcher's question of you all. Is it just because I can? I mean, that's what the other side's position seems to be. We're litigating this because we can. We haven't chosen the easy way to resolve it. That seems to be your position, too. Respectfully, no, Your Honor. It is not the county's policy when someone wants to redo a permit that was previously approved and has expired for us to go back through our records. It may not be your policy. You have litigation pending that could easily be settled by saying to them, we have your old application. We have all the permits that have been obtained outside the two-year period. They all seem to be in order. Go ahead now and finish it. This is a settlement of the litigation. Your Honor, I believe the county is entitled to employ administrative practices and systems for how an application is filed. Your answer is the same as his. Your answer is the same as his. We're litigating this because we want to. We do not want to. A pox on both your houses, then, and we'll decide the legal issues. But I just don't understand why you don't get in a room with a mediator and solve this case. Your Honor, we wanted, we advised appellant to file a new application, and they did not do that. And the county has a process for accepting applications. The former application was for a former land-use permit. No, I understand your answer, and you're not required to settle or be reasonable. I'm just trying to figure out why you're both here. So, no, go on to the merits. Explain for us this permits issue. I think we've now clarified that they hadn't obtained during the first two years all the permits necessary for the construction of Phase 2. And we clarified, I think, so you can correct us if we're wrong, that of the permits they obtained that do apply to Phase 2, all of them apply to Phase 1 and 2. That is, no permits that were solely aimed at Phase 2 have been issued. That is correct. So why did you, so that leads me to my question. So why was the county issuing additional permits after, why were additional permits being issued after 2008? Your Honor, I feel like I'm answering two people's questions. You're not, you're answering his. Which ER45 seems to demonstrate that they obtained additional permits after the two-year period ended. Why didn't the county simply say to them, hey, you know, we're not going to issue the permits because they're not going to help you. You still have to be, they had to be obtained during the two-year period. Our position before the district court was that they obtained all the permits that they needed for Phase 1 in 2007, between 2006 and 2008. While some of those permits applied to Phase 2, for example, the parking lot would have been used for both phases. My question wasn't precise enough. You're answering a different question. Your friend says, and we continued to get permits well after 2008, and that's what ER45 seemed, SER45 seems to show. Did the county issue those permits? My understanding was that SER45 said all of those permits were obtained during the first two years. Well, that's my question. Yes. He says they were obtained later, so I'm trying to figure out what the facts are. The argument that some of the permits for Phase 1 were not obtained between 2006 and 2008 and were obtained later was not before the district court. It did not appear in appellant's briefing in this appeal. Our position has always been that they obtained all the permits that were necessary for Phase 1 before the conditions expired. Again, you're answering a different question than what I'm asking. The record seems to show that whatever their legal effect, some permits were issued to the church after 2008. Is that true? Am I wrong in reading the record that way? The only permit that I know of that was issued after 2008 would have been a building permit for the modified basement for Phase 1. Yes, forget the basement. So putting the basement aside, your position is there weren't any permits issued after 2008? This record does not show any. Now I'm really confused because counsel just called our attention to SCR 4-5, and he is correct that it's the party's joint submission regarding permits, and it's a table, sort of an Excel spreadsheet that runs from 2015 back to 2007. It's a list of building permits, and I asked a minute ago, and I thought I understood opposing counsel told me that these either pertain to Phase 1 or some of them pertain to Phase 1 and 2, but none of them pertain to just Phase 2. That's correct. Well, how do you reconcile that answer with the one you just gave to Judge Hurwitz? What am I missing? All of the permits that were necessary to proceed with the construction of Phase 1 were obtained between 2007 or, excuse me, were obtained in 2007. Enough of the permits for us to conclude that Condition 29 was satisfied as to Phase 1 were obtained before 2008. So some of these permits that were issued after 2008 were not necessary to construct Phase 1. They relate to Phase 2. No. I think some of these permits were for Phase 1. They were just not necessary for us to conclude that Condition 29 was satisfied. So what do you mean a permit? It sounds as though the permits were not required then. You say they weren't necessary. I'm sure some of these permits were not required for them to have satisfied Condition 29 as to Phase 1. So why were you issuing them? We received applications and they met the criteria. The county understood that because they obtained all the permits that were necessary for the construction of Phase 1 before 2008, it could continue to approve permits related to that phase under the land use approval going forward, which is why in 2013 when they asked to modify the basement, we said that was allowed. One other question on this factual issue. Are any of these permits issued after 2008 only applicable to Phase 2? Not that I know of, Your Honor, and I don't think that was ever argued. And there's nothing in this record about that? Correct. That's my understanding. In a way, we've gone over this ground, but let me try again. Have you been through our mediation program in the circuit? We did, Your Honor. That means, in other words, it failed? It did, Your Honor. No, I'm not allowed to ask why. I just want to know whether you went through the program. We did.  Anything further? Yes, Your Honor. I guess at this point I should proceed through the arguments that are specific to the provisions of RLIPA and the Federal and State Constitutions. Appellant faults the District Court for having dismissed a portion of its substantial burden claim as not ripe. That argument is frustrating because over the course of this proceeding, it has been difficult to decide what the allegedly substantial burden is. Okay? There are a few options. Maybe it's something related to the 2006 Conditional Use Permit. Maybe it's the requirement to apply for new land use approval. Maybe it is the potential future decision the County would issue if they did apply for new land use approval. But at various points in its briefing, Appellant says none of those are our argument. At one point in its briefing, Appellant argues that the allegedly substantial burden is the fact that it constructed all of the very expensive transportation improvements that were acquired under the 2006 Conditional Use Permit, and then it was concluded that the 2006 Conditional Use Permit had expired and they needed new land use approval. To the extent that their argument is that it is not the requirement to apply for new land use approval and it is not the County's future decision on an as-yet-unfiled land use application that is the substantial burden, but it is the discretionary nature of the process that the County would use to review such an application, that argument is not ripe for the same reason that a challenge to the County's potential future decision on an unfiled application is not ripe. Because they haven't filed a new application? It is not ripe because if they did file a new application and if they argued during the application process that some of the review procedures or criteria were substantially burdensome, and if the County agreed, then under RLIPA it could waive those. Do you talk to them like you're talking to us? I can imagine. It just doesn't feel like there's any effort to read. We're all public servants. This argument that we could waive provisions that we believed violated RLIPA was presented to appellants in 2022. We tried to explain. The question is not whether RLIPA prevents us from applying the Zoning and Development Ordinance in some cases. The question is when can we conclude that? And based on this Circuit's case law, Residential Neighborhood Advocates, we said this has to happen within the process for making a decision on a land use permit application. What was the discussion? Perhaps this spanned many years. I fully appreciate that. And I think the email that they considered to be sort of a smoking gun email is one that they didn't have until discovery. But it is concerning to me that there may have been some communication slippage here about the extent to which they were going to be allowed to build in phases. Could you respond to that, please? I think Judge Hurwitz's line of questioning was spot on. I don't think that we ever indicated that they would be allowed to build in phases, regardless of Condition 29. They had three that were under the 2006 Conditional Use Permit. I'm sorry for miscommunication there. Isn't there? Or misunderstanding? Isn't there room for it? I don't know how. No, I don't believe so, Your Honor. I don't know how someone would believe that a planner email from before a land use decision is issued could override conditions of approval contained in the land use permit. Do you have any more questions? I don't. Do you have any more questions? I don't think we have any more questions. Your Honors, the District Court got it right here. Thank you for your time. Thank you. Thank you. Just two minutes. Thank you, Your Honor. I think there's an important point, hearing the questions, I believe there's an important point that we need to discuss. Prior to 2022, prior to the filing of this lawsuit, we contacted the county and asked them about this specific issue. But you didn't file a new application. We didn't file an application because their response, again, looking at ER 196 through 203, we asked them about the specific problem that they had with their ordinance. Their response on ER 205 through 211 was basically go pound sand. Well, sir, he does have a procedure that he's got to put in place. His position is that your client doesn't get special dispensation, and it does seem to be pretty clear, at least on the face of what we're dealing here with, that there was a two-year period and you exceeded the period. I'm just one person, but it sure seems like this all happened in good faith. I don't understand why you didn't just file a new permit, a new application. Forgive me. Sure. I think the big thing here that we need to kind of circle back to, which we hadn't discussed yet, is a conditional use vest upon the implementation of that conditional use permit. So under Oregon law, and again, we can look to the deposition of testimony of Jennifer Hughes at ER 71, page 41, as well as the zoning development ordinances that we talked about, development authorized by an approved land use permit is completed pursuant to the specific ordinance granting the conditional use permit. And once the municipality determines that compliance is permitted, that permitted use is vested against and until expiration. And upon vesting the municipality, we terminate the intended use only by revoking the underlying permit. It was never revoked. That permit is still valid under Oregon law. But that doesn't respond to the question as to why you didn't do a belt and suspenders. That is, okay, pursue this or at least threaten this litigation, the one that we're in. But at the same time, apply for a new permit. And if they'd issued the new permit, that's awfully easy. Game's over. You win. Why didn't you do that? Because of the experience that we've had with the county in the past, along with our belief under Oregon law that the conditional use permit is still valid. Okay. But again, experience is the lesson here. When we know over and over and over again that the county is just going to say no, then, you know, why should – I guess I don't understand the question of law. It doesn't make a lot of sense. And especially when the law – But they did say yes at one point to exactly what you're now trying to do. You're saying that they're going to change their mind and say no. Is this something they've already said yes to? That's correct, Your Honor. Okay. But they did approve the whole project in 2000. They approved the project in 2006, which we were entitled to rely on to complete the – No, I understand. But I just want to make sure that the premise of Judge Fletcher's question is clear. When you came to them with the whole project, they said fine. They did put a condition on it, and that's what we're fighting about. So my question is, why would you think they wouldn't approve the whole project if you apply it again? Again, through the history that we had, along with the response to our letter in 2022. We're going to take a – thank you for your argument. Thank you, Your Honor. You're well over time. We appreciate advocacy from both parties. We're going to take this case under advisement, and we're going to take a five-minute break before we go forward. Thank you, Your Honor. All rise. The court stands in recess until about 10.15. Thank you.
judges: FLETCHER, CHRISTEN, HURWITZ